## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **ANGELA HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action File** |
| | ) | **No. _____** |
| **TK TRANSPORT; and** | ) | |
| **JAMES ROBERT MEADOR,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, Angela Harris, and hereby avers as follows:

## I. <u>THE PARTIES</u>

1. Plaintiff is an individual resident of Ellenwood, DeKalb County, Georgia.

2. Defendant TK Transport ("Defendant") is a corporation incorporated in the State of Texas, with its principal place of business in Clute, Texas.

3. Defendant James Robert Meador is an individual resident of Clute, Texas,

## II. <u>JURISDICTION AND VENUE</u>

4. Federal diversity jurisdiction exist pursuant to 28 U.S.C. § 1332. Plaintiff is an individual who resides in the State of Georgia. Defendant TK Transport is a Texas corporation with its principal place of business in the Texas. Defendant

1

James Neal Meador is an individual who resides in the State of Texas. Therefore, complete diversity of citizenship exists. The amount of controversy, exclusive of interest and cost, exceeds the sum of $75,000.00.

5. Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. §1391 because Plaintiff is located in this District, a substantial part of the claims asserted by Plaintiff herein are based in this District.

### III. <u>GENERAL AVERMENTS</u>

6. Defendant TK Transport is a trucking company located in Clute, Texas.

7. Defendant James Robert Meador is a commercial truck driver who was employed by TK Transport at the time the incident occurred on which the claims asserted by Plaintiff are based.

8. That on June 11, 2021, Defendant Meador negligently operated his commercial operated vehicle, a 2018 Dodge R35 with a 40-foot trailer attached while traveling on I-24E at the Exit 64 off ramp at Waldron Road, in the City of Lavergne, Rutherford County, Tennessee.

9. That according to the attached Police Incident Report, the Defendant was traveling at a high rate of speed while hauling large pipes weighing approximately 13, 000 pounds on an attached trailer when he collided with Plaintiff while she was parked on the off ramp due to mechanical problems with her hazard lights on.

10. The collision caused Plaintiff to suffer a loss to her vehicle and severe bodily injuries.

11. The Defendant Meador owed duties of due and reasonable care to Plaintiff's, as well as to other motorist on the road.

12. Defendant Meador's negligence, which constitutes the direct and proximate cause of injuries to Plaintiff, also consisted of, but was not limited to the following:

(a) Failing to exercise ordinary diligence in violation of Georgia Law pursuant to O.C.G.A. § 51-1-2;

(b) Failure to maintain reasonable control of vehicle;

(c) Failure to operate vehicle in a safe fashion under the circumstances then existing;

(d) Failure to take evasive or other reasonable action in order to control vehicle or main lane;

(e) Failure to exercise ordinary care;

(f) Failure to keep a proper lookout;

(g) Committing other reckless and negligent acts and omissions, as shall be shown by the evidence and proven at trial;

13.  At all times material hereto, Plaintiff Angela Harris conducted herself in a safe and lawful manner and did not in any way cause or contribute to the circumstances which caused her to sustain serious bodily injuries and damage to her vehicle.

14.  As a direct and proximate result of Defendants' negligence, Plaintiff Angela Harris has suffered and will continue to suffer the following;

   (a) past, present and future physical and mental pain and suffering;

   (b) past, present and future loss of enjoyment of life;

   (c) past, present and future loss of earnings and income; and

   (d) past, present and future loss of ability to labor and earn money, as well as other damages.

15.  As a direct and proximate result of the injuries sustained in the subject collision caused by the negligence of Defendants, Plaintiff has incurred extensive damages to his vehicle and insubstantial medical expenses as special damages.

## COUNT I- SPECIAL DAMAGES

16.  Plaintiff hereby incorporates the averments set forth in paragraphs 1 through 15, above, as if set forth in full herein.

17.  Plaintiff incurred at total of $617,862.75 in Special Damages, not to mention the trauma, daily anxiety, and fear she now faces as a result of such a traumatic driving incident.

4

18. The Plaintiff now suffers a diminished quality of life as a result of her injuries, and the pain she suffered during her treatment, as well as the pain she will continue to suffer throughout the remainder of her natural life, including lost wages.

19.  The Plaintiff has incurred the following itemized Special Damages as a result of her injuries:

| | |
|---|---|
| Stone Crest Medical Center<br>Emergency Treatment, Dr. Nicholas Strane | $33,025.86 |
| AICA Orthopedics, P.C.<br>General Rehabilitation Treatment by Staff Physicians | $31,019.00 |
| Roderique Surgery Center<br>Referral by AICA for specific wrist damage and surgery,<br>Dr. Robert Karsch | $28,098.49 |
| Summit Surgery Center<br>Referral by AICA for specific Cervical/Thoracic<br>and Lumber and surgical epidural injections,<br>Dr. Francis Acquah | $51,384.40 |
| Summit Surgery Center-Required Neck Surgery<br>Referral by AICA for required One Level Cervical<br>Arthrodesis Fusion at C5-C6 including disc space preparation,<br>Discectomy and decompression with bone growth stimulator<br>Installed, Dr. Francis Acquah | $130,207.00 |
| Summit Surgery Center-Required Back Surgery | $244,128.00 |

Referral by AICA for Required One Level Arthroscopic
Lumber Arthrodesis Anterior decompression and fusion at
L5-S1 with General Surgeon doing initial incision and close
of anterior incision with implants/hardware installed,
Dr. Francis Acquah

| | |
|---|---|
| Total Medical Damages: | $517,862.75 |
| Loss of Income: | $100,000.00 |
| Total Special Damages: | $617,862.75 |

20.  Plaintiffs will continue to require and incur reasonable and necessary medical expenses due to his painful injuries.

21.  By reason of the foregoing, Plaintiff is entitled to recover from Defendant compensatory and other damages in such amounts as may be shown by the evidence at trial and determined in the enlightened conscience of the jury, but no less than $2,000.000.00.

## JURY DEMAND

22. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff prays as follows:

(a) On Count One of its Complaint, for Damages in a sum according to proof at trial, but no less than $2,000,000.00 exclusive of interest and costs;

(b) For a trial by jury;

(c) For pre-and post-judgment interest;

(d) For cost incurred herein; and

(e) For such other and further relief as the Court deems just and proper.

Respectfully submitted, this 1st day of June, 2021.

/s/*Donell Holiday*
Donell Holiday
Attorney for Plaintiff
Georgia Bar Number 351160

P.O. Box 4596
Atlanta, Georgia 30302
(678) 358-1316
dholidaylaw@yahoo.com

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **ANGELA HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action File** |
| ) | **No. _____** |
| **TK TRANSPORT and** ) | |
| **JAMES ROBERT MEADOR,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>CERTIFICATION OF COUNSEL</u>

I hereby certify that the foregoing COMPLAINT has been prepared with

Times New Roman, 14-point font, one of the font and point selections approved by

the Court in LR 5.1.

*/s/ Donell Holiday*
Donell Holiday
Georgia Bar No. 361150

8